UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE B.,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

CASE NO. C20-5695-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1993.[1] She graduated from high school and had some online schooling after that, and previously worked as a sales associate, tanning bed cleaner,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

and receptionist. (AR 45, 256.)

Plaintiff applied for SSI on March 29, 2017. (AR 217-22.) That application was denied and Plaintiff timely requested a hearing. (AR 103-06, 110-15.)

In April 2019, ALJ Eric Basse held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 39-79.) In June 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-22.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in May 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease and obesity. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she can frequently climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She cannot have concentrated exposure to vibrations or hazards. (AR 18.) With that assessment, the ALJ found Plaintiff capable of performing past relevant work as a sales clerk. (AR 21.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing her past relevant work and thereby not disabled, the ALJ did not proceed to step five. (AR 21-22.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing the medical evidence and her subjective

testimony, and in failing to assess lay statements provided by Plaintiff's mother and sister.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Medical opinion evidence

Plaintiff raises several distinct arguments regarding the ALJ's assessment of the medical evidence, each of which the Court will address in turn.

Opinion of William Chalstrom, Ph.D.

Dr. Chalstrom examined Plaintiff in June 2017 and wrote a narrative report describing Plaintiff's condition and limitations. (AR 364-67.) Dr. Chalstrom's medical source statement reads, in its entirety:

> The claimant is able to complete simple repetitive tasks and would also be able to follow more complex instructions. Her memory is intact, as indicated by being able to remember three out of three objects after five minutes and 7-digits immediately. Her concentration is good, as shown by her ability to do serial 7s without error and to spell *world* correctly backward. She is socially isolated, but does have a very good relationship with her mother and sister. Additionally, she was friendly and cooperative throughout our session and appears that she would be able to get along with others in a work situation. She was able to work as a receptionist for 3-years, before being let go when she started using crutches.

(AR 367.) The ALJ found this opinion "both persuasive and supported by the record." (AR 21.) Given Dr. Chalstrom's failure to identify any mental limitations in his medical source statement, the ALJ interpreted Dr. Chalstrom's opinion to mean that Plaintiff "has no significant mental health functional limitations." (*Id*.)

---

[2] Plaintiff also assigns error to the ALJ's RFC assessment and step-four findings, but these assignments of error depend entirely on the other assignments of error and need not be addressed separately. Dkt. 18 at 16-17.

Plaintiff argues that the ALJ erred in failing to note other sections of Dr. Chalstrom's opinion, such as his diagnosis of adjustment disorder with depressed mood, Plaintiff's social isolation, and Dr. Chalstrom's opinion that Plaintiff's prognosis is guarded. Dkt. 18 at 3. But these features of Dr. Chalstrom's opinion do not indicate that Plaintiff has any particular functional limitations, and thus do not show error in the ALJ's interpretation of Dr. Chalstrom's opinion. Therefore, Plaintiff has not shown that the ALJ's assessment of Dr. Chalstrom's opinion is erroneous.

Miscellaneous medical findings

Plaintiff goes on to devote pages of her opening brief to a summary of miscellaneous medical findings, without tying these findings to a particular error in the ALJ's decision. Dkt. 18 at 3-5. This section of Plaintiff's brief does not advance her assignment of error and need not be addressed further.

Consultative examination

Plaintiff argues that because no treating or examining provider wrote an opinion describing Plaintiff's physical limitations, the ALJ should order a consultative examination on remand. Dkt. 18 at 6. Plaintiff makes no effort to show that the ALJ had a duty to order such an examination before rendering the decision under review, and thus has not established error in the ALJ's decision in this regard. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (explaining that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

//

### State agency opinions

Plaintiff argues that the ALJ erred in finding the State agency medical consultants' opinions to be partially persuasive, because the consultants did not have access to records after July 2017 and thus their opinions were not based on a review of the entire record. Dkt. 18 at 6. But the ALJ considered the degree to which the consultants' opinions were consistent with the medical record and Plaintiff's testimony, and explained that the consultants did not adequately consider the impact of Plaintiff's pain medication. (AR 21.) Plaintiff has failed to show that the ALJ erred in not considering the State agency opinions in the context of the entire record.

### Plaintiff's subjective statements

The ALJ discounted Plaintiff's subjective allegations because (1) the record contained evidence of normal neurological examination results that are inconsistent with Plaintiff's allegations, (2) Plaintiff's alleged "nerve damage" in her legs was unsupported by any nerve testing, and (3) the record failed to corroborate Plaintiff's alleged need for crutches or other functional limitations. (AR 19-20.) Plaintiff contends that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit.[3] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that all of the ALJ's reasons to discount her testimony amount to a misapplication of "the objective evidence test," because the ALJ could not "reject her testimony about the extent or severity of her symptoms and limitations based solely upon

---

[3] Plaintiff's opening brief also includes a lengthy of summary of her hearing testimony that does not advance her arguments in support of her assignment of error. Dkt. 18 at 8-13.

whether objective evidence supports the degree of limitations" she alleges. Dkt. 18 at 7. The Court agrees that the ALJ relied on a lack of corroboration in the medical record, rather than pointing to specific contradictions in the record, and that this reasoning alone cannot support the ALJ's assessment of Plaintiff's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Although the Commissioner contends that the ALJ "did not rely on the objective medical evidence alone; it was merely one factor in his analysis" (Dkt. 19 at 7), the Commissioner does not identify any other reasoning that the ALJ provided as a basis for discounting Plaintiff's testimony, and the Court's review of the ALJ's decision does not reveal any.

The Court therefore finds that the ALJ erred in discounting Plaintiff's testimony without providing clear and convincing reasons. In light of this finding, the Court rejects the Commissioner's argument that the ALJ's failure to provide any reason to discount the lay statements was harmless because those statements were similar to Plaintiff's discredited allegations. Dkt. 19 at 18. On remand, the ALJ shall reconsider Plaintiff's testimony and the lay statements and either credit them, or provide legally sufficient reasons to discount them.

//

//

//

//

//

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -7

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 30th day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge